**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | |
|---|---|
| HARRY VIEUX, | : |
| | : |
|         Plaintiff, | :      Civil Action No. |
| | :      07-1483(JLL) |
|      v. | : |
| | : |
| CVS PHARMACY, INC., ET AL., | : |
| | : |
| | : |
|        Defendant. | : |

---

### REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motion to transfer this action to the Southern District of Florida [Docket Entry No. 5]. Plaintiff opposed the motion. Pursuant to <u>Fed. R. Civ. P.</u> 78, no oral argument was heard. This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons expressed below, I respectfully recommend that the Court enter an Order granting Defendant's motion.

### BACKGROUND

On or about February 2, 2007, Plaintiff Harry Vieux ("Plaintiff" or "Vieux") filed a Complaint alleging various claims sounding in discrimination against his former employer, CVS

Pharmacy, Inc. ("Defendant" or "CVS").[1]  Plaintiff, an African American male, was employed by CVS as an assistant manager in Miami, Florida from August 2006 through January 2007.  In his Complaint, Vieux alleges that various instances of discriminatory treatment occurred during the course of his employment with CVS and that his termination was improper or discriminatory.  In support of his allegations of discriminatory treatment, Plaintiff claims, among other things, that he was assigned unfavorable shifts and was unfairly criticized by his supervisors.  In support of his claim of improper termination, Plaintiff claims that the basis for his termination, improper use of a CVS coupon, was baseless.

Defendant contests Plaintiff's allegations regarding discriminatory treatment and improper/discriminatory termination. Defendant further disputes the timing and circumstances of Plaintiff's termination.  Plaintiff claims he was granted a requested transfer to a CVS store located in New Milford, New Jersey, and that he did not learn of his termination until he reported to that New Jersey store.  Defendant claims that Plaintiff was terminated prior to the consummation of the transfer, while he

---

[1]Plaintiff also names various fictitious entities in his Complaint and specifically alleges causes of action under the New Jersey Law Against Discrimination, breach of employer policies relating to his termination, promissory estoppel, and misrepresentation in connection with the recision of his transfer.

was still employed in Florida.[2]

Defendant CVS now moves before this Court to transfer this matter to the Southern District of Florida. In so moving, Defendant argues that the case should be transferred to Florida because all of the operative facts giving rise to the suit transpired in Florida, the witnesses and records are located in Florida and Florida has greater interests in adjudicating this matter than does New Jersey. Defendant also disputes Plaintiff's contention that New Jersey law applies to his claims and argues instead that the applicable law is that of the state of Florida. Defendant argues that, given these factors, the interests of justice would be best served by the requested transfer.

In response, Plaintiff argues that the interests of justice would not be served by a transfer to Florida because Plaintiff's choice of forum should be given significant weight, the operative

---

[2]Plaintiff states that he requested and was granted a transfer to New Jersey in November 2006 and that this transfer was confirmed by CVS in January 2007. Defendant CVS claims, however, that on January 5, 2007, after the transfer was confirmed, CVS discovered that Plaintiff improperly used a coupon and suspended him pending a decision as to his potential termination. Plaintiff disputes CVS's claims as to the events of January 5 and claims that he was not told that he was being suspended or that he faced termination. Plaintiff states that he reported to the CVS store located in New Milford, New Jersey on January 9 at which point he was told to inquire as to his schedule on January 12. Plaintiff states that, on January 12, the manager of the New Milford store informed him that CVS terminated his employment on January 6. Plaintiff further alleges that he first received notice of termination later that day, when he received a call from his former manager in Florida.

facts of the lawsuit did not take place entirely in Florida and New Jersey is not a burdensome forum with respect to witnesses or production of documents. Moreover, Plaintiff disputes Defendant's contentions that Florida law governs his claims and further argues that a choice of law determination is premature at this juncture.[3] Accordingly, Plaintiff Vieux requests that Defendant's motion to transfer be denied.

## DISCUSSION

Defendant requests that this case be transferred to the Southern District of Florida pursuant to U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Thus, as a threshold matter, we must determine whether the instant matter "might have been brought" in the Southern District of Florida. This requirement is satisfied if, at the time

_____

[3]In his opposition to the instant motion, Plaintiff states that he has filed an EEOC charge and intends to move to amend his complaint to add various claims arising under Title VII and the ADA. Plaintiff contends that such amendment would make venue proper in New Jersey. Defendant disputes Plaintiff's contention and states that venue would remain proper in Florida, even in light of such amendments.
    The record reflects that Plaintiff improperly filed a motion to amend prior to obtaining leave of the Court and, on May 14, 2007, upon instruction of the Court, voluntarily withdrew its motion. The record further reflects that Plaintiff has not sought permission of the Court to refile its motion and there is no pending motion to amend before the Court at this time. However, even if such an amendment were pending, the Court's opinion as to the instant motion would not be affected.

4

the case was originally filed: (i) venue was proper in the proposed transferee district under 28 U.S.C. 1391 and (ii) the proposed transferee district could have exercised jurisdiction over the defendants.  Colon v. Pitney Bowes Corp., 2007 WL 496875, *2 (D.N.J. Feb. 8, 2007).

Under 28 U.S.C. § 1391(a)(2), venue in actions based only on diversity is appropriate in, *inter alia*, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  The facts of the instant matter satisfy both prongs of this inquiry.  As an initial matter, it is apparent from Plaintiff's Complaint that the substantial part of the events giving rise to his claim occurred during the course of his employment at the CVS store located in Miami, Florida.  In addition, the Southern District of Florida could have exercised personal jurisdiction over CVS had the action been filed there because Plaintiff's causes of action arose out of CVS's purposeful contacts in Florida.  The Court is persuaded that these purposeful contacts are sufficient to confer specific jurisdiction over CVS.  See Burger King Corp. V. Rudzewicz, 471 U.S. 462, 472-76 (1985).  Accordingly, this matter meets the Section 1404(a) requirement that it "might have been brought" in the proposed transferee court, the Southern District of Florida.

Turning to the remainder of the transfer analysis, the Court must consider three factors when determining whether to grant a

Section 1404(a) transfer: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice. Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 526 (D.N.J. 2000). The analysis is not limited to these factors, but rather is a flexible analysis in which the Court must consider "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice be better served by transfer to a different forum." Id. (citations and internal quotations omitted). Indeed, the test applied in determining whether to transfer an action pursuant to Section 1404(a) is an "individualized analysis and must be made on the unique facts presented in each case." Id. at 527 (citations omitted).

Courts have identified a number of additional factors that may be considered when deciding a transfer motion. These factors generally fall into two categories, private interests and public interests. Private interests include:

> (1) plaintiff's forum preference as manifested in the original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition, (5) the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford,

6

P.C., 21 F. Supp. 2d 465, 474 (citing Jumara v. State Farm Ins.
Co., 55 F.3d 873, 879 (3d Cir. 1995)) (internal quotations
omitted).  Public interests include:

> (1) the enforceability of the judgment, (2)
> practical considerations that could make the trial
> easy, expeditious, or inexpensive, (3) the relative
> administrative difficulty in the two fora resulting
> from court congestion, (4) the local interest in
> deciding local controversies at home, (5) the
> public policies of the fora, and (6) the
> familiarity of the trial judge with the applicable
> state law in diversity cases.

Id. (citing Jumara, 55 F. Supp. 2d at 879-80) (internal quotations
omitted).

### A.  Private Interests

Here, the private interests weigh in favor of transferring the
case to the Southern District of Florida.  While a plaintiff's
forum choice generally deserves deference, it is accorded less
deference "where the operative facts of a lawsuit occurred outside
the forum selected by plaintiff."  Id. at 475 (citing Am. Tel. &
Tel. Co. v. MCI Communications Corp., 736 F. Supp. 1294, 1306
(D.N.J. 1990)).  Plaintiff Vieux's claims appear to center
exclusively around alleged acts of employees at the CVS store in
Florida.  Although Plaintiff asserts that he was notified of his
termination while in New Jersey, the Court is persuaded that the
substantial majority of the operative facts which form the basis of
Plaintiff Vieux's claims occurred in Florida.  All alleged
discriminatory acts occurred in the state of Florida, the internal

7

investigation leading to Vieux's termination occurred in Florida and the decision to terminate Vieux was made in Florida by a Florida manager. Although Plaintiff claims he was notified of termination in New Jersey, a fact disputed by Defendant CVS, the Court is persuaded that the majority of events giving rise to Plaintiff's claims arose in Florida. Accordingly, Plaintiff's choice of the District of New Jersey is entitled to less deference.

In considering the convenience of the witnesses, the Court concludes that this factor weighs in favor of transferring the action to the Southern District of Florida.  As noted above, Plaintiff's claims relate almost entirely to the acts and omissions of CVS employees in Florida.  These witnesses will likely play a key role in the development of the case.  While there may be a number of peripheral witnesses located in New Jersey and other parts of the country, the analysis of witness convenience nevertheless tips in favor of transfer.  Further, at least some of the relevant documents, as well as the actual situs of the alleged events, are also located in the state of Florida.  These factors support transfer of the action to Florida.

Although litigating this case in the District of New Jersey would be more convenient for the plaintiff, a New Jersey resident, CVS enjoys more flexibility in terms of its ability to litigate an action in a different venue. While this factor weighs against transferring this action from the Plaintiff's perspective, the

8

Court concludes that on balance, viewing all factors relevant to a private interest analysis, such factors overall weigh in favor of transfer.

### B.  Public Interests

The public interests also weigh in favor of transferring this case to the Southern District of Florida.  Central to this analysis is that the operative facts occurred in the transferee district. Most of the witnesses and records pertaining to this matter are located within the state of Florida.  Thus, it is clear that it will likely be less expensive and more efficient for the case to proceed in the Southern District of Florida.  Further, Florida has an interest in resolving this controversy in its home forum. Finally, judges in the Southern District of Florida will have greater familiarity with Florida employment law (to the extent that it is implicated here) than a judge sitting in the District of New Jersey.[4]  Thus, taken together, the public interest factors support the transfer of this case to Florida.

### C. Interests of Justice

Finally, transferring this action to the Southern District of Florida will serve the interests of justice. The principal events

---

[4]Because the Court is persuaded that the public interest factors weigh in favor of transfer, the Court need not engage in an extensive analysis as to whether New Jersey or Florida law governs Plaintiff's claims.  Moreover, whether the applicable law is that of the state of New Jersey or the state of Florida, the public interests in the instant matter overall weigh in favor of transfer.

9

giving rise to Plaintiff's claims occurred in Florida, a majority of the witnesses and documents are located in Florida and the Court is persuaded that the Florida courts have a greater interest in adjudicating this matter.  Accordingly, Defendant's motion to transfer should be granted.

**CONCLUSION**

In light of the foregoing, it is respectfully recommended that Defendant's motion to transfer [Docket Entry No. 5] be granted.

Respectfully submitted,

*s/ Claire C. Cecchi*
**HON. CLAIRE C. CECCHI**
**United States Magistrate Judge**
**Dated: October 31, 2007**